UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF  CASE NO. **18-12947**
Section "**A**"

**HELEN J. DROUILLARD**

DEBTOR  CHAPTER 7

**TRUSTEE'S MOTION TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS**

TO THE HONORABLE MEREDITH S. GRABILL, UNITED STATES BANKRUPTCY JUDGE:

**NOW INTO COURT**, comes David V. Adler, trustee of the captioned estate ("Trustee"), respectfully represents:

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 4, 2018.

2. Trustee is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3. This Court has jurisdiction over this case under 28 U.S.C.§ 1334 and this matter is a core proceeding under, without limitation, 28 U.S.C.§ 157(b)(2)(A) and (N). Venue of this case and this motion is proper in this district under 28 U.S.C. §1409. The statutory predicate for the relief sought herein is §§ 105 and 363 of the Bankruptcy Code, as complimented by Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

**The Sale**

4. Property of the estate currently includes immovable property located at 7005 Hazeltine Circle, Lakeland, Florida 33810 ("Property"), designated as Lot 10, Huntington Hills, Phase I.

5. Robert Cooley ("Purchaser") has offered to purchase the Property from the Trustee for a purchase price of $174,000. The sale shall be "AS IS, WHERE IS", without any warranty whatsoever, even as to title or for return of the purchase price, on the terms and conditions more fully set forth herein and in the Agreement to Purchase attached hereto as Exhibit "A."

6. The Trustee believes that the offer is reasonable, and that the sale of the Property to the Purchaser on the terms and conditions set forth herein is in the best interests of the estate. On August 36, 2019, this Court entered an Amended Order Approving Employment of Real Estate Broker (P-36) employing BK Global and Keller Williams Realty in connection with the sale and

marketing of the Property. BK Global and Keller Williams have advised the undersigned that the offer is reasonable considering the location of the Property, the condition of the Property, and the present market conditions existing in the area.

**The Proposed Sale Satisfies the Requirements of Section 363(f) for a Sale Free and Clear**

7. Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

8. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the Trustee's sale of the Property free and clear of all liens, claims, encumbrances, and any and all interests of any kind (collectively "Interests"). The Trustee submits that the sale of the Property proposed in this Motion free and clear of all Interests satisfies the requirements of 11 U.S.C. §363(f).

**Secured Debt**

9. Nationstar Mortage LLC d/b/a Mr. Cooper ("Mr. Cooper") currently has a first lien against the Property through (i) a Mortgage recorded in the public records of Polk county, Florida on _____, at Instrument #2013073875.

10. The payoff on the Mr. Cooper debt is approximately $121,023.00. The outstanding indebtedness to Mr. Cooper will be satisfied at the closing on the sale of the Property.

11. Mr. Cooper is deemed to consent and because the sale price of the Property is greater than the aggregate value of its lien(s) on such property, the sale of the Property free and clear of the Mr. Cooper Interest is permissible pursuant to §363(f)(2) and §363(f)(3).

**IRS Interests / Estate Carve-Out & Surcharge**

12. The Internal Revenue Service ("IRS") has filed a Proof of Claim in the bankruptcy proceeding reflecting a secured claim of $233,951.52 (C-1) and currently has Notices of Federal Tax Lien ("IRS Interests") filed against the Property as follows; *Notice of Federal Tax Lien* recorded in the

public records of Polk County Florida on January 19, 2017 at Instrument #2017010809.

13. As is evident, the value of the Property purporting to secure the IRS Interests is significantly less than the superior Mr. Cooper Interest plus IRS Interest on the Property. Accordingly, the purported IRS Interests are only partially secured, pursuant to 11 U.S.C. § 506, and applicable nonbankruptcy law (such as a proposed foreclosure sale) permits sale of such property free and clear of such interest pursuant to 11 U.S.C. 363(f)(1). Second, the IRS could be compelled to accept a money satisfaction of its interests in legal or equitable proceedings in accordance with §363(f)(5) of the Bankruptcy Code to the extent such interests are sought to be discharged in the order approving the relief sought in this motion.

14. Pursuant to 11 U.S.C. § 506(c), the Trustee may surcharge the Property and sale proceeds for the reasonable and necessary expenses of, among other things, preserving and disposing of the Property. The Trustee proposes that the estate receive 5% of the sale price to satisfy the carve-out/surcharge, and IRS will receive remaining sale proceeds (Net Proceeds) to be disbursed at the sale closing. Any unpaid amounts of the IRS secured claim will be allowed as an addition to IRS's unsecured priority claim(s).

15. Given such, the rights of the IRS are both preserved and adequately protected, and the Property may be sold free and clear of the purported IRS Interests under Section 363(f)(5) of the Bankruptcy Code. See In re Healthco Intern., Inc., 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (construing "money satisfaction of such interest" and "could be compelled" appearing in subparagraph (f)(5) to mean a payment constituting less than full payment of the underlying debt, and requiring only that the interest in question be subject to final satisfaction on a hypothetical basis, not that there be an actual payment in satisfaction of the interest from the proceeds of the sale in question, respectively). The hypothetical payment referred to means also that a Chapter 11 plan cramdown falls within the subparagraph even in a Chapter 7 case. Id. citing In re WPRV-TV, Inc., 143 B.R. 315 (D.P.R. 1991) (holding that Chapter 11 secured claim in cramdown proceeding satisfied requirement of (f)(5) in the Chapter 7 case).1 The Trustee requests that Property be sold free and clear of the purported IRS Interests and that the 5% carveout/surcharge proceeds of the sale be retained by the estate free and clear of the purported IRS Interests.

16. The Net Proceeds from the sale of the Property will be paid to IRS at closing. "Net Proceeds" as used herein is defined as the $174,000.00 purchase price, less the following:

a. Amounts due for prior years' real estate taxes and current year's real estate taxes prorated through the date of the closing;

b. Amounts due to satisfy the Mr. Cooper Interest;

c. Real Estate commission payable to BK Global and Keller Williams;

d. Closing costs (if any) due under the Purchase Agreement; and

e. 5% surcharge/carve-out to the bankruptcy estate.

The amounts set forth in (a), (b), (c), and (d) above will be paid to the obligees on behalf of the Trustee at the closing. The 5% carve-out/surcharge proceeds will be retained by the estate free and clear of any and all Interests.

**Purchaser is a "Good Faith Purchaser" Under § 363(m) of the Bankruptcy Code**

17. Section 363(m) of the Bankruptcy Code provides that the reversal or modification on appeal of a transaction authorized under § 363(b) of the Bankruptcy Code does not affect the validity of the sale to an entity that acquired the property in good faith. Given the factual circumstances and the efforts in connection with the marketing and listing the Property, it is beyond question that (i) Purchaser is a good faith purchaser, (ii) the sale was negotiated at arm's length, and (iii) Purchaser will, subject to this Court's approval, pay fair and reasonable consideration for the Property. Accordingly, Purchaser is entitled to the protections under § 363(m) of the Bankruptcy Code.

**Need for Immediate Effect of Order and Without Stay**

18. Bankruptcy Rule 6004(h) provides that an order authorizing the use, sale, or lease of property will be stayed for fourteen (14) days after entry of such approval orders unless the Court orders otherwise. The Property is currently subject to accruing amounts of interest under the Mr. Cooper Mortgage, and the Trustee needs to sell the Property as soon as possible to realize the maximum benefit to the estate. Moreover, the Purchaser would like to take possession of the Property as soon as possible. Therefore, the Trustee requests that the Court direct that the order approving this Motion and sale shall not be automatically stayed for fourteen (14) days so the closing can take place as soon as possible.

**Higher Offers for the Property**

19. Anyone wishing to make a higher offer for the Property must submit a response to this Motion that:

  a. is made in writing, setting forth the identity of the offering party and specifying the amount of the initial competing offer;

  b. is filed with the Clerk of Court, United States Bankruptcy Court for the Eastern District of Louisiana at 500 Poydras Street, New Orleans, Louisiana 70130 and is transmitted and served upon David V. Adler, Trustee, at P.O. Box 55129, Metairie, LA 70055 so as to be received no later than seven (7) days prior to the hearing on this Motion;

  c. sets forth an offer for the Property in an amount that is higher than the $174,000 purchase price agreed to by Purchaser;

  d. is accompanied by documentation sufficient to allow the Trustee to determine, in his sole business judgment, that the party making the higher offer has the financial ability to close on proposed purchase of the Property; and

  e. is accompanied by a certified or cashier's check in the amount of 10% of purchase offer made payable to David V. Adler, Trustee, as a good faith deposit in accordance with the terms and conditions of the Agreement to Purchase.

**WHEREFORE,** the Trustee prays as follows:

a. That the Court authorize the sale of the Property on the terms and conditions set forth herein free and clear of all Interests, including without limitation the Mr. Cooper Interest, and the purported IRS Interests identified above;

b. That the Order authorizing the sale of the Property provide that the Polk County Florida Clerk of Court and the Recorder of Mortgages shall cancel the Mr. Cooper Interest, and the purported IRS Interests from the public records of Polk County, Florida as these Interests relate to the Property;

c. That the Order authorizing the sale (i) provide that all persons and entities holding and asserting Interests of any kind and nature with respect to the Property shall be forever barred from asserting such Interests against the Purchaser, its successors or assigns, and the Property, (ii)

provide that the Purchaser shall be in "good faith" and entitled to all of the protections afforded by 11 U.S.C. §363(m), (iii) be effective as a determination that all Interests existing as to the Property prior to the sale will be unconditionally released, discharged and terminated, and (iv) be binding upon and govern the acts of all entities including without limitation, the Clerk of Court for Polk County Florida and the Recorder of Mortgages for Polk County Florida, and all filing agents, filing officers, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments (collectively "the Filing Officers"), (v) authorize, order and direct that all such Filing Officers cancel all such Interests from their records as to the Property, and (vi) waive the 14-day stay under Bankruptcy Rule 6004(h);

  d. That the Order authorizing the sale approve the 5% carve-out/surcharge to the bankruptcy estate.

  e. For such other and further relief as is just.

        Respectfully submitted;

        /s/David V. Adler  12/10/19

        _____ _____

        David V. Adler, Trustee
        P.O. Box 55129
        Metairie, La. 70055
        504-834-5465